IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VAISHALI P. RILEY | ) |
| Plaintiff | ) CIVIL ACTION |
| v. | ) NO. **14 0010** |
| WELLS FARGO BANK, N.A. | ) |
| Defendant. | ) |

### COMPLAINT

COMES NOW, Vaishali P. Riley, the plaintiff herein, by and through his undersigned attorney, Alan B. Kane, Esquire, states and alleges as follows:

### JURY TRIAL

Please take notice that, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial in the above-entitled action.

### THE PARTIES

1. Plaintiff, Vaishali Riley, is an adult individual residing at 16919 Cobbler Crossing Drive, Sugar Land, Texas 77498.

2. Defendant, Wells Fargo Bank, N.A., is a corporation with a business address of 280 Second Street Pike, Southampton, PA 18966.

### JURISDICTION

3. Jurisdiction of this Court over this action is invoked under Family and Medical Leave Act, as amended, 29 U.S.C. §2601 et seq ("FMLA"). Jurisdiction of this Court over this action is

invoked pursuant to 28 U.S.C. §1331 because the plaintiff has raised federal claims under the FMLA.

4. Venue is properly placed in the United States District Court for the Eastern District of Pennsylvania, since the plaintiff's causes of action arose within the Eastern District of Pennsylvania, and the defendant is located and may be served with process therein.

## OPERATIVE FACTS

5. On or about September 17, 2007, the plaintiff started her employment with the defendant and was last employed as a branch manager.

6. The plaintiff was an employee who was eligible for short term medical leave with pay under the defendant's short term leave policy and for short term benefits under the defendant's short term disability coverage.

7. The plaintiff qualified for short term medical leave with pay under the defendant's short term leave policy and for short term benefits under the defendant's short term disability coverage.

8. On or about November 26, 2011, the plaintiff advised the plaintiff's district manager and Human Resources of her medical condition and sought medical leave under the short term medical leave policy of the defendant and the FMLA.

9. The defendant failed to provide the plaintiff with appropriate notification of her individualized rights and obligations under the FMLA.

10. The plaintiff advised the plaintiff's district manager that she had to undergo a surgical procedure and would need medical leave as a result of said surgical procedure.

11. On December 12, 2011, the plaintiff under went surgery and was prescribed strong pain medication while she recovered from the surgery.

12. The plaintiff advised the defendant that she did expect to be able to return to work approximately January 23, 2012 due to the recovery period of said surgical procedure.

13. Plaintiff's district manger and other corporate representatives of the defendant contacted the plaintiff over eighty three (83) times by text, e-mail and/or by telephone while the plaintiff was out on short term disability and FMLA.

14. While the plaintiff was out of work due to a serious medical condition, the district manager and other corporate representatives of the defendant continuously contacted the plaintiff and requested that she perform work related duties.

15. Furthermore while the plaintiff was out on short term disability and FMLA, the district manager and other corporate representatives of the defendant continuously requested and exerted undue pressure for the plaintiff to return to her full time duties at the bank branch where she was employed despite that the plaintiff had not yet recovered from surgery.

16. On December 1, 2011, the district manager contacted the plaintiff regarding work-related matters.

17. On December 2, 2011, the plaintiff was contacted by the

defendant regarding work-related matters.

18. On December 5, 2011, the district manager contacted the plaintiff regarding work-related matters.

19. On December 6, 2011, the district manager contacted the plaintiff regarding work-related matters.

20. On December 14, 2011, a mere two (2) days after the plaintiff underwent surgery, the district manager called and texted the plaintiff and requested that the plaintiff return to work by December 27, 2011.

21. On December 15, 2011, the plaintiff was contacted by the defendant regarding work-related matters.

22. On December 16, 2011, the district manager contacted the plaintiff regarding work-related matters including meeting monthly goals.

23. On December 22, 2011, the district manager texted the plaintiff and requested that the plaintiff return to work.

24. On December 29, 2011, the district manager texted the plaintiff and requested that the plaintiff return to work.

25. On December 29, 2011, the district manager texted the plaintiff and requested that plaintiff conduct conference calls from her home if she was not returning to the bank branch.

26. On December 30, 2011, the district manager texted the plaintiff and requested that plaintiff contact him regarding work-related matters.

27. As a result of the defendant's undue pressure for the plaintiff to return to her full time duties at the bank branch, the

4

plaintiff returned to her full time duties at the bank branch on January 3, 2012.

28.    During the week of January 3, 2012, the plaintiff was still recovering from her surgery and was still taking strong pain medication.  The pain medication made the plaintiff feel incoherent and "out of it".

29.    After the plaintiff returned to her full time duties, the district manager demanded that the plaintiff open new bank accounts to meet corporate goals, and threatened to write her up if she did not meet this goal.

30.    During the week of January 3, 2012, in order to meet corporate goals and the district manger's demand, the plaintiff opened two (2) checking and two (2) savings accounts in the name of herself and her children.

31.    During the week of January 3, 2012, without the plaintiff's authorization, another employee of the defendant (Darshan Patel), opened additional bank accounts under the plaintiff's and/or her children's names to meet corporate goals.

32.    Darshan Patel forged the plaintiff's signature to the account documents which enabled him to open additional bank accounts under the plaintiff's and/or her children's names.

33.    Darshan Patel took advantage of the fact that the plaintiff was under strong pain medication and the plaintiff would not realize what he had done.

34.    If the plaintiff was not unduly pressured by the district manager and other corporate representatives of the defendant to

5

return to her full time position before the end of FMLA leave, Darshan Patel would not have been able to take advantage of the fact that the plaintiff was under strong pain medication and the plaintiff would have realized what he had done.

34. On November 15, 2012, the defendant terminated plaintiff's employment.

35. The defendant interfered with plaintiff's FMLA leave which led to the plaintiff being terminated.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT ("FMLA")
### (Interference & Retaliation)

36. The plaintiff incorporates by reference paragraphs 1 through 35 of this complaint, as if fully set forth herein.

37. Pursuant to 29 U.S.C. §2611(4)(A)(i), the Defendant is an "employer" within the meaning of the FMLA.

38. The defendant is engaged in a business that affects interstate commerce and has employed at least fifty (50) or more full-time employees within seventy-five (75) miles of the plaintiff's worksite located at 280 Second Street Pike, Southampton, PA 18966 for each work week during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year.

39. The plaintiff was an eligible employee under the Family and Medical Leave act, 29 U.S.C. §2611(2)(a)(i)(ii).

40. Plaintiff requested leave from the defendant, with which she had been employed for at least twelve (12) months pursuant to

the requirements of 29 U.S.C. §2611(2)(i) during the last twelve months of employment.

41. Further, the plaintiff had at least 1,250 hours of service with the defendant during the previous twelve (12) month period.

42. The plaintiff was entitled to receive leave pursuant to 29 U.S.C. §2612(a)(1), and the defendant was not permitted to interfere with and/or to retaliate against the plaintiff for exercising her rights pursuant to the FMLA.

43. The defendant committed both interference and retaliation violation of the FMLA by (1) interfering with plaintiff's rights when she took leave under the provisions of the FMLA; (2) not allowing the plaintiff to take a qualified leave of absence in accordance with the provisions of the FMLA: (3) not properly giving the plaintiff an appropriate notification of her individualized rights and obligations under the FMLA; (4) by not designing her time off as FMLA time; (5) by terminating the plaintiff in violation of plaintiff's rights under the FMLA; and (5) for other reasons explicitly and/or implicitly set forth in this complaint.

**WHEREFORE**, the plaintiff prays for judgment in her favor against the defendant as follows:

1. The defendant is to be prohibited from continuing to maintain its illegal policy, practice and/or custom of discriminating/retaliating against employees and are to be Ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

7

2. The defendant shall compensate the plaintiff, reimburse the plaintiff and make the plaintiff whole for any and all pay and benefits the plaintiff would have received had it not been for the defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, commissions, bonuses, healthcare benefits, disability benefits, and other benefits, training, promotions, pension, retirement, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered from the defendant's unlawful conduct until the date of verdict;

3. The plaintiff shall be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish the defendant for its willful, deliberate, malicious and outrageous conduct and to deter the defendant or other employers from engaging in such misconduct in the future;

4. The plaintiff shall be awarded any and all other equitable and legal relief as the court deems just, proper and appropriate including emotional distress.

5. The plaintiff shall be awarded the costs and expense of this action and reasonable legal fees as provided by applicable law;

6. Any verdict in favor of the plaintiff should be molded by the court to maximize the financial recovery available in light of the caps on certain damages set forth in applicable federal law; and

7. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this complaint and hereinabove in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Dated: January 2, 2014       By:_____
                             Alan B. Kane, Esquire
                             Attorney for Plaintiff
                             Attorney Id. 66379
                             Suite 608
                             One Montgomery Plaza
                             Norristown, PA 19401
                             Tele: (610) 279-5151
                             Fax: (610) 277-4870
                             E-Mail: akaneesqcpa@msn.com

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vaishali P. Riley

**DEFENDANTS**
Wells Fargo Bank, N.A.

**14 0010**

(b) County of Residence of First Listed Plaintiff  Fort Bend County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Alan B. Kane, Esquire
The Law Office of Alan B. Kane
Suite 608, One Montgomery Plaza
Norristown, PA 19401
(610) 279-5151

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☒ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |
|  | ☐ 446 Amer. w/Disabilities Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 2611, et al
Brief description of cause:
Violations of the Family and Medical Leave Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** in excess of $150,000  CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

JAN - 2 2014

DATE: 01/02/2014
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT

**14    0010**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **16919 Cobbler Crossing Drive, Sugar land, TX 77498**

Address of Defendant: **280 Second Street pike, Southampton, PA 18966**

Place of Accident, Incident or Transaction: **280 Second Street Pike, Southampton, PA 18966**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐    No☒

Does this case involve multidistrict litigation possibilities?     Yes☐    No☒

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) **Family and Medical Leave Act**

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, **Alan B. Kane, Esquire**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **January 2, 2014**   **Alan B. Kane, Esquire**   **66379**
Attorney-at-Law   Attorney I.D.#

**JAN - 2 2014**

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **January 2, 2014**   **Alan B. Kane, Esquire**   **66379**
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

JS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| VAISHALI P. RILEY | : | CIVIL ACTION |
| v. | : | **14   0010** |
| WELLS FARGO BANK, N.A. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| January 2, 2014 | Alan B. Kane, Esquire | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| (610) 279-5151 | (610) 277-4870 | akaneesqcpa@msn.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN - 2 2014